**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

CHRISTINE L. LINE,

           Plaintiff,

    v.

FARMERS AND MERCHANTS TRUST
COMPANY d/b/a F&M TRUST, et al.,

           Defendants.

CIVIL ACTION NO. 1:25-CV-01477

(MEHALCHICK, J.)

## ORDER

Plaintiff Christine L. Line ("Line") initiated this *pro se* action on August 8, 2025, by filing a complaint against Defendants Farmers and Merchants Trust Company d/b/a F&M Trust ("F&M") and Scott D. Ehrig ("Ehrig") (together, "Defendants") alleging that Ehrig, her estranged husband, photographed her prescription medications and uploaded the photos to F&M's server in connection to her divorce proceedings. (Doc. 1). Line avers that Defendants are liable under two federal statutes, 15 U.S.C. § 6801 and 15 U.S.C. § 45(a), and under Pennsylvania law. (Doc. 1, ¶¶ 48-85). Line and Ehrig are both Pennsylvania citizens, and thus, the Court may only retain subject matter jurisdiction through Line's federal claims and may not maintain diversity jurisdiction. (Doc. 1, ¶¶ 11, 15); *see GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (stating "jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states"). On October 7, 2025, Ehrig filed a motion to dismiss for lack of jurisdiction and for failure to state a claim. (Doc. 8). That same day, F&M filed a motion to dismiss for failure to state a claim. (Doc. 9). On April 15, 2026, Magistrate Judge Leo A. Latella filed a report and recommendation recommending that the Court grant Ehrig's motion to dismiss for lack of

jurisdiction and deny F&M's motion as moot. (Doc. 22). According to Judge Latella, the two federal statutes Line brings her federal claims under do not provide a private cause of action and cannot be used to maintain subject matter jurisdiction. (Doc. 22, at 16-26). Thus, Judge Latella determined that Line only brings Pennsylvania causes of action, the Court lacks diversity of citizenship because Line shares Pennsylvania citizenship with Ehrig, and this case should be dismissed for lack of jurisdiction. (Doc. 22, at 27). Judge Latella concluded that the Court should grant Ehrig's motion to dismiss for lack of jurisdiction, dismiss this matter without prejudice to Line's ability to bring her Pennsylvania claims in a court of appropriate jurisdiction, and deny F&M's motion to dismiss as moot. (Doc. 22, at 29). Judge Latella informed the parties that they had fourteen days to file an objection. (Doc. 22, at 30-31). No party filed a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 22).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 22). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Latella's report and recommendation (Doc. 22) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **GRANTS** Ehrig's motion to dismiss for lack of jurisdiction. (Doc. 8). The Court **DISMISSES** this action **without prejudice** to Line's ability to bring her Pennsylvania claims in a court of appropriate jurisdiction. The Court **DENIES** F&M's motion to dismiss **as moot**. (Doc. 9). The Clerk of Court is directed to close this matter.

**BY THE COURT:**

**Dated: May 5, 2026**          *s/ Karoline Mehalchick*
                                 **KAROLINE MEHALCHICK**
                                 **United States District Judge**